# PURPURA & PURPURA
## ATTORNEYS AT LAW

**William B. Purpura***
wpurpura@purpuralaw.com
* Admitted in MD, CA &
  US District Ct., DC

*606 BALTIMORE AVENUE, SUITE 301*
*TOWSON, MARYLAND 21204*
*PHONE: 410-727-8550*
*FAX: 410-576-9351*

**Christopher J. Purpura**
cpurpura@purpuralaw.com

May 13, 2026

The Honorable James K. Bredar
United States District Court Judge
District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

Re:     United States of America v. Jeremy Matheny
        Criminal No.:   JKB-23-0301

Dear Judge Bredar:

I write to provide the Court a better understanding of the sentencing factors relevant to Mr. Matheny's sentencing currently scheduled for May 27, 2026.  Mr. Matheny entered a guilty plea to Carjacking resulting in Death in violation of 18 U.S.C. 2119(3).  After extensive plea discussions the parties made a joint recommendation to this Honorable Court that the appropriate sentence is 264 months or 22 years.  This is a variant sentence, however, Mr. Matheny suggests that the 22 years sentence is sufficient, appropriate, just, and a sentence not greater than necessary to achieve the mandates of 18 U.S.C. 3553.

### Guideline Issues and Analysis/ the Presentence Report.

Counsel has had an opportunity to provide Mr. Matheny with a copy of the Presentence Report and review with him.  The mandatory and standard conditions of supervision have been reviewed as well as the additional recommended conditions.

There are no additions, corrections, deletions, and/or objections to the Presentence Report.

As outlined in the Presentence Report, the guidelines are as follows:

43- U.S.S.G 2B3.1 and 2A1.1
-3-  USSG 3E1.1(a) and (b) (Acceptance of Responsibility)
40-  Adjusted Offense Level

Mr. Matheny has 2 criminal history points placing him in criminal history category II. The U.S.S.G. guidelines call for a sentence of 324-405 months.

1

**18 U.S.C. 3553 Factors**

Through his guilty plea, Mr. Matheny has accepted responsibility for his actions.  He admitted that he was involved in multiple armed carjackings, one of which resulted in the death of a victim.  Mr. Matheny chose not to litigate motions and/or put the government to its burden at trial.   The offenses are very serious with one resulting in the death of an innocent victim.  Mr. Matheny's role in the offense for which entered a guilty plea offers some mitigation.  As I believe the government will agree, Mr. Matheny was not a principal in the shooting that resulted in death during the commission of the carjacking outlined in Count 5.  Mr. Matheny was the driver of a vehicle in which his coconspirators were passengers.  Coconspirators exited the vehicle and attempted a carjacking, ultimately shooting the victim.  Mr. Matheny played a similar role in the other incidents outlined in the plea.  His role does not excuse his involvement in the offenses.  The joint resolution contemplates his role.  The joint recommendation of 22 years is a significant penalty.

Mr. Matheny has been held in pretrial detention since June 23, 2022, almost four years, while his codefendants dealt with various unrelated murder charges in Baltimore City Circuit Court.  This was the first time Mr. Matheny dealt with incarceration.  This time was spent knowing that he was facing considerably more time behind bars, likely 15+ years if this Honorable Court follows the joint recommendation.  Mr. Mathey was 23 years old when he entered jail in June of 2022.  He is now 27 years old about to turn 28.  If this Honorable Court follows the recommendation, Mr. Matheny will be well into his 40's upon release.  Knowing that he has ruined the better part of his life has been difficult for him.  It has resulted in depression, anxiety, and remorse.

Mr. Mathey grew up in South Baltimore with his parents, Ernest and Cathy.  His parents were married 30 years ago and remain married.  They continue to reside in South Baltimore.  His father worked hard as a laborer installing gas lines and working as a mechanic.  His mother worked various jobs and raised Jeremy and his five siblings.  They were involved parents and very concerned about Jeremy's well-being prior to his arrest in 2022 because of the people whom he surrounded himself with.  Messages in Jeremy's seized cell phone outlined these concerns that he would end up dead, like some of his friends, or in jail.  Jeremy assured them he was fine.  Unfortunately, they were right.

Jermy had a normal childhood.  He matriculated through the Baltimore City Public School System ultimately graduating from Digital Harbor High School in 2017.  He had no contacts with the juvenile justice system.  He went on to attend classes at University of Baltimore studying business economics.  He began working upon completion of high school.  He was a stocker at a liquor store, worked in warehouses, and ultimately got a job installing solar panels for various companies before his arrest.

Mr. Matheny's criminal history is not extensive.  He has two contact with the judicial system, both of which resulted in probationary dispositions.  Mr. Matheny does not suffer from drug or alcohol abuse.  Prior to arrest he had not been diagnosed with mental health issues.  He is now being treated for depression and anxiety because of his current situation.  He is prescribed medication for these issues.

The recommended 22 years sentence will have a deterrent effect on Jeremy. As previously noted, he will serve close to 20 years for his decisions. The sentence will punish him. It will also allow him time to better himself though programming. While the sentence recommended is long, because of his young age when the offenses were committed, he will still have time to make a life for himself upon release. This sentence also differentiates Mr. Matheny from the codefendants that caused the loss of life by being trigger pullers.

### Conclusion

It is respectfully requested that this Honorable Court follow the joint recommendation and impose a sentence of 22 years, 324 months, coupled with a lengthy period of supervised release. This type of sentence will punish Mr. Matheny significantly for this crime. It will also allow for programming he needs while detained and on supervised release. A sentence of this length is sufficient but not greater than necessary to satisfy the mandates of 18 U.S.C. 3553.

Respectfully submitted,

_____/s/_____
Christopher J. Purpura
Law Office of Purpura & Purpura
606 Baltimore Avenue, Suite 301
Towson, Maryland 21204
410-727-8550
cpurpura@pupuralaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing was delivered to counsel for the government via ECF.

_____/s/_____
Christopher J. Purpura

3