**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| | | **Criminal No. JKB-23-0301** |
| **JEREMY MATHENY,** | * | |
| **Defendant.** | * | |

...oOo...

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, Kelly O. Hayes, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Sentencing Memorandum to assist the Court in the sentencing of defendant Jeremy Matheny.

For the reasons discussed below, the United States respectfully requests that the Court impose a sentence of 264 months' (22 years') imprisonment to reflect the serious, violent nature of the offense of conviction and the impact of the crime to the victim.

## I.    BACKGROUND

On August 30, 2023, an indictment was returned against defendant Matheny and three co-defendants, Jerritt Barron, Antonio Purisima, and Nefertiti Moore, charging them with Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371 (Count One); Conspiracy to Use, Carry, and Brandish a Firearm During and in Relation to Crimes of Violence, in violation of 18 U.S.C. § 924(o) (Count Two); Carjacking, in violation of 18 U.S.C. § 2119 (Counts Three, Five, Six, Eight, Ten, and Twelve); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Counts Four, Seven, Nine, and Eleven); Prohibited Person in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g) (Counts Thirteen and Fourteen), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Counts

Three – Twelve).   *See* ECF no. 1.

On March 11, 2026, Matheny pleaded guilty to Count Five, which charges him with Carjacking, in violation of 18 U.S.C. § 2119(3) (Carjacking resulting in death).

## II.   FACTS

The following facts were stipulated to by the parties and are contained in the plea agreement:

In June 2022, the defendants, Jerritt Barron, Jeremy Matheny, Antonio Purisima, and Nefertiti Moore, conspired to commit several carjackings using firearms.  The defendants all resided in or frequented the Morrell Park area of Baltimore City, Maryland.

### June 15, 2022 Armed Carjacking – Glen Burnie, Maryland

On June 15, 2022, Barron, Matheny, and Purisima went to the Maryland Live! Casino in Anne Arundel County, Maryland.  The three men followed the victim to her home located in Glen Burnie.   The victim was parked near her home when two suspects approached the victim brandishing handguns and demanded money and her vehicle keys.   The two masked suspects drove away in the victim's Cadillac Escalade, which was recovered less than one hour later in Baltimore City. The vehicle driven by the three men to the victim's house, an Acura TL, was recovered in the same area several hours later.   This location is approximately one mile from Matheny's residence.   Latent fingerprints recovered from the carjacked vehicle (exterior passenger doors) were matched to Matheny and Purisima. Historical cell site data places Matheny and Purisima at the Maryland Live! Casino and at the scene of the carjacking.   Matheny was arrested on June 22, 2022, and he was in possession of a cellphone at the time of his arrest.   A search warrant for Matheny's phone revealed photos of Barron, Matheny, and Purisima posing with firearms in front of the Acura TL vehicle while at the Maryland Live! Casino. Video surveillance from the casino shows the three men enter the Acura TL vehicle and then follow the victim in her Cadillac Escalade.

### June 19, 2022 Attempted Carjacking and Murder – near Exit 50 to Interstate 95

On June 19, 2022, Barron, Matheny, Purisima, and Moore, traveling in a black pick-up truck, attempted to carjack a silver 2022 Hyundai Tucson near the ramp to Interstate 95 near mile marker 50 in Baltimore City, Maryland.   The defendants spotted the victim's vehicle and agreed to carjack the victim and vehicle. Moore exited the defendant's vehicle and flagged down the victim.    The defendants' vehicle then blocked the victims' vehicle from entering the ramp to the Interstate.    Barron and Purisima then exited their vehicle and approached the victim's vehicle.   Matheny remained in the defendants' vehicle.   The victim was

2

then shot and died from the injuries.   The defendants then entered their vehicle and fled the scene.   Historical cell site data places Purisima, Matheny, and Moore at or near the scene of the murder.

### June 20, 2022 Armed Carjacking – vicinity of 3100 block of Washington Boulevard

On June 20, 2022, Barron and Matheny, using a black pick-up truck, traveled to the vicinity of 3100 Washington Boulevard in Baltimore City, Maryland.   Barron and Matheny exited their vehicle and approached a 2004 Acura TL vehicle, brandishing firearms.   The two men carjacked the vehicle and left the area in the black pick-up and the Acura TL vehicles.   The victim of the incident later identified the black pick-up truck as the vehicle used by the men who carjacked the victim's vehicle.

### June 21, 2022 Armed Carjacking near the 2400 block of Hollins Ferry Road

On or about June 21, 2022, at approximately 11:59 p.m., Barron, Matheny, and Moore were in a white Honda vehicle and approached a white 2013 Lexus GS350 in the vicinity of the 2400 Hollins Ferry Road in Baltimore City, Maryland. The defendants approached the victim's vehicle, brandished firearms, and carjacked the victim's Lexus vehicle.   The conspirators left the area in the white Honda and stolen Lexus vehicles.

### June 22, 2022 Armed Carjacking near 200 Key Highway

On or about June 22, 2022, at approximately 2:25 a.m., Barron, Matheny, and Moore drove a white Honda Accord to the vicinity of 200 Key Highway in Baltimore City, Maryland.   The defendants surrounded a black 2009 Honda Accord, brandished firearms, demanded that the victim get out of the vehicle, and left the area in their white Honda vehicle and the victim's black Honda vehicle. Historical cell site date places Barron, Matheny, and Moore and the scene at the time of the armed carjacking.

### June 22, 2022 Attempted Armed Carjacking near 2900 James Street

On or about June 22, 2022, at approximately 2:40 a.m., Barron, Matheny, and Moore were in a white sedan and drove to the vicinity of 2900 James Street in Baltimore City, Maryland.   While at the location, some of the defendants approached a grey 2016 Honda HR-V and brandished firearms.   The victim put their Honda HR-V vehicle in reverse and pulled away.   As the victim drove away, the victim heard at least one gun shot.   The victim then followed the defendants' vehicle, and the defendants' discharged a firearm.

Defendant Matheny stipulates and agrees that he and/or his co-defendants possessed and brandished firearms during and in relation to the carjackings

3

described above.   He also stipulates and agrees that they acted with the intent to kill or cause serious bodily injury during the carjackings.

At all times relevant to the events discussed above, all of the vehicles that were carjacked as described above were manufactured outside the state of Maryland and therefore affected interstate and/or foreign commerce.

*See* Plea agreement, ECF no. 126, at Attachment A.

### III.    ADVISORY GUIDELINES AND CRIMINAL HISTORY CALCULATIONS UNDER THE U.S.S.G.

The Government concurs that the applicable advisory Guidelines calculations and range for defendant Matheny is 324-405 months' imprisonment.   *See* Presentence Report ("PSR"), ECF no. 143, ¶¶ 20-68; 87.

### IV.   SENTENCING

**A.    A Sentence of 264 Months' Imprisonment Is Fair, Reasonable, and Not Greater Than Necessary**

As discussed more fully below, a sentence of 264 months' (22 years') imprisonment is reasonable and appropriate in this case.

**1.    The § 3553(a) Factors Support a Sentence of 264 Months' Imprisonment**

Under § 3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).   In determining that sentence, this Court must consider:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed – "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

(3) "the kinds of sentences available;"

(4) "the Guidelines and Guidelines range;"

(5) "any pertinent policy statement;"

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

*See* 18 U.S.C. § 3553(a).

Here, a sentence of 264 months' imprisonment is supported by the § 3553(a) factors. Of course, a "sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply," *Rita v. United States*, 551 U.S. 338, 351 (2007), and "may not presume that the Guidelines range is reasonable," *Gall v. United States*, 552 U.S. 38, 50 (2007). Examination of the pertinent § 3553(a) factors, however, shows that a sentence of 264 months' is warranted here.

### a. The Nature and Circumstances of the Offense

In this case, defendant Matheny pleaded guilty committing an attempted carjacking resulting in death. As discussed more fully above, Matheny conspired with others to carjack persons throughout the Baltimore metropolitan area, and they carried out numerous armed carjackings. Specifically, in June 2022, Matheny and his co-conspirators committed or attempted to commit no less than six armed carjackings.

Most importantly, the count of conviction, Count Five, involves an attempted carjacking where an innocent victim was murdered. The investigation revealed that On June 19, 2022, defendant Matheny, along with defendants Barron, Purisima, and Moore, drove a black pick-up truck near mile marker 50 of Interstate 95 in Baltimore City, Maryland. At the location, the defendants spotted the victim's vehicle, a silver 2022 Hyundai Tucson. Co-defendant Moore exited their vehicle and flagged down the victim. Once the victim stopped his vehicle, the

defendants' vehicle then blocked the victim's vehicle from entering the ramp to I-95.   Barron and

Purisima then exited their vehicle, both armed with firearms, and approached the victim's Hyundai

vehicle.   Matheny remained in the defendants' vehicle in the driver's seat.   While attempting to

carjack the victim's vehicle, co-defendants Barron and Purisima shot the victim multiple times.

The victim later died from the gunshot wounds.   The defendants then entered their vehicle and

fled the scene.   Historical cell site data places Matheny, Purisima and Moore at or near the scene

of the murder.

This crime - attempted carjacking and murder of an innocent victim – is extremely violent

and senseless.

### b.   The Nature and Characteristics of defendant Matheny

Matheny's criminal record is notable but minimal with a 2019 robbery conviction in the

Circuit Court of Maryland for Worcester County; and a 2020 Driving While Impaired by Alcohol

conviction in the Circuit Court of Maryland for Anne Arundel County.   *See* PSR at ¶¶ 71-72.

Matheny is a high school graduate with a stable family history.   He has a limited

employment history, and no remarkable history of substance abuse, aside from his DWI conviction

noted above.

His unremarkable personal and family history is in stark contrast to the crimes that he

committed with his co-defendants.

### c.   The Need for the Sentence Imposed

A sentence of 264 months' imprisonment with the Bureau of Prisons is necessary in this

case to reflect the seriousness of the offense, promote respect for the law, and to protect the public

from Matheny.   The offense of conviction in this case – attempted carjacking resulting in death -

is serious and obviously violent.   Shooting an innocent victim during an attempted carjacking is

a disturbing crime that necessitates a significant sentence in this matter.   Moreover, Matheny was

a participant in several other armed carjackings, as described in the statement of facts to Matheny's plea agreement.   Based on the totality of Matheny's role and conduct, a sentence of 264 months is reasonable and appropriate.

In addition, a sentence of 264 months' imprisonment would promote respect for the law. Matheny was the "getaway driver" on the night of the attempted carjacking/murder, and his role in the other carjackings charged in the indictment is significant yet minimal when compared to the actions of his co-defendants.   His conduct in this case reflects a lack of respect of the law, and a sentence of 264 months would deter the defendant from future criminal conduct.

Importantly, a sentence of 264 months would protect the public from Matheny.   In this case, the senseless use of firearms, carjackings, shootings, and related deaths no doubt had a tremendous impact on the community.   The Court should recognize this impact in considering the joint sentencing recommendation by the parties.

As discussed throughout this Memorandum, Matheny was involved with the murder of an innocent victim during a botched carjacking.   In addition, his participation in the string of armed carjackings in this case was also violent and impactful.   There is no doubt the Court needs to protect the public from Matheny and ensure adequate deterrence, and a sentence of 264 months' imprisonment will accomplish those goals.

### d. The Kinds of Sentences Available

The "kind of sentences available," 18 U.S.C. § 3553(a)(3), includes imprisonment.   In this case, a term of imprisonment is warranted by the § 3553(a) factors.

### e. The Guidelines Range is an Important § 3553(a) Factor

The Guidelines range is itself a § 3553(a) factor.   "The fact that § 3553(a)[(4)] explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing

7

process." *Gall v. United States*, 552 U.S. 38, 50 n. 6 (2007).   Indeed, "the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the [Guideline range] with reference to the latter." *Nelson v. U.S.*, 555 U.S. 350. 351-51 (2009).   Accordingly, courts must give "respectful consideration to the Guidelines." *Kimbrough v. United States*, 552 U.S. 85, 108-09 (2007).   The Supreme Court has emphasized that "where judge and Commission both determine that the Guidelines sentences is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its "not greater than necessary" requirement)," and that "significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347, 350-51, 354-55.

Here, Matheny's advisory guidelines are 324-405 months.   The recommended sentence of 264 months is below that range, but is reasonable and appropriate for the reasons discussed in this Memorandum.

### f.       **Pertinent Policy Statement**

There is not a pertinent policy statement applicable to this case.

### g.       **The Need to Avoid Unwarranted Sentence Disparities**

In this case, most of Matheny's co-defendants accepted responsibility for their role in the conspiracy and crimes charged in the indictment.   The Government and other defense counsel plan to recommend significant sentences based on each co-defendant's culpability.   While Matheny was a participant in the conspiracy, his role was less than that of co-defendants Barron and Purisima, and a sentence of 264 months' imprisonment would avoid any unwarranted sentence disparities in this case and in similar cases charged in the District of Maryland.

### h.       **Restitution to Victims**

Restitution is not an issue at this point in the proceedings.

## V.   CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that the Court sentence defendant Jeremy Matheny to 264 months' imprisonment with the Bureau of Prisons, as such sentence is warranted under the factors enumerated under 18 U.S.C. § 3553(a).

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Date:   May 21, 2026

John W. Sippel, Jr.
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ____21st____ day of May 2026, a copy of the foregoing Government's Sentencing Memorandum was served via ECF to counsel of record.

John W. Sippel, Jr.
Assistant United States Attorney

9